CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
SEP 29 2006
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CALVIN HAIRSTON,<br>Plaintiff, | )<br>) Civil Action No. 7:06CV00533<br>) |
| v. | ) **MEMORANDUM OPINION**<br>) |
| ROBERT LEWIS, et al.,<br>Defendants. | ) By: Hon. Jackson L. Kiser<br>) Senior United States District Judge |

Calvin Hairston,[1] a Virginia inmate proceeding pro se, filed this civil rights action, pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1331. As relief for his claims, which are restated below, plaintiff seeks monetary damages. Upon consideration of Hairston's complaint, I find that his claims must be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.[2]

I.

Plaintiff's complaint includes a ten-paragraph "Statement of the Claim." He states that Robert Lewis, an attorney, represented him at his trial "on Felony charges of sell [sic] of cocaine." He complains, essentially, that Mr. Lewis never returned his calls. According to plaintiff, in April 2006 he filed a grievance in the "Circuit Court of Martinsville City," which he avers led to the following result: "Complaint forward[ed] to Va. state Bar Association[;] Found Attorney Liable for Civil Malpractice." However, plaintiff's exhibits include a letter from the Virginia State Bar, dated April 26, 2006, which states, in relevant part:

---

[1] Hairston's typewritten complaint consistently spelled his name as "Hairstion." His signature on the complaint, exhibits to the complaint, and records in this court that match his inmate number all indicate that his name is correctly spelled "Hairston." Accordingly, the case has been docketed and styled under the name "Hairston."

[2] 28 U.S.C. § 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.

> Pursuant to your latest communication, we have reviewed the entire file to make sure we made the right decision regarding your information. We see no reason to change the prior decision. Therefore, the Virginia State Bar will not take any further action on your matter regarding the attorney for the reasons previously explained to you.
>
> * * *
>
> If you believe that your lawyer represented you poorly, your remedy may be to file a civil malpractice action, or, **in a criminal case, a petition for a writ of *habeas corpus*, which addresses claims of ineffective assistance of counsel.** . . .
>
> In addition to reviewing the materials you sent to us in April 2006, we note that you also filed a complaint against this same attorney in 1997, which was investigated by Bar Counsel Michael L. Rigsby. Mr. Rigsby dismissed that case after an investigation. **Please note that we cannot continue to receive and process complaints about the same lawyer from his representation of you in 1995.**

(Emphasis added.)

Plaintiff avers that a clerk in the circuit court, Mrs. Jeanie Nunn, "put [his] name on Mr. Durty Turner's indict ment [sic] as if [plaintiff] was going to testified [sic] against him, inwhich [sic] has cause [sic] [plaintiff] a lot of problem, and could have caused [sic] him his life as well as his family life." He also states that his indictment had typographical errors that had been corrected with "a white out" and that the indictment, which "had not been signed by a judge of the Circuit Court," "was not signed by anyone at all other than the Clerk of court of the Martinsville city court."

Hairston states that Steve Burton, the investigator who "bagged" him, took advantage of him because he has a severe speech problem.

Hairston alleges that, on May 8, 2006, Ashby R. Pritchett, "Clerk for the Martinsville City Circuit Court," sent him a letter notifying him of the dismissal of his "Motion for Writ of Coram Vobis," which bore the case number of Hairston's criminal case.[3] Plaintiff adds that Pritchett

---

[3] The terms "coram vobis" and "coram nobis" are used interchangeably in American jurisprudence. United States v. Sawyer, 239 F.3d 31, 37 n.4 (1st Cir. 2001). The writ is intended to correct convictions. Id.

2

"dismissed [his] Writ of Mandamus that was filed in the Supreme Court," also bearing the case number of Hairston's criminal case. He further states that Douglas B. Robelen, Chief Deputy Clerk of the Supreme Court of Virginia, informed him on July 11, 2006, that "there is no record of such a Petition being file," and that, on August 1, 2006, Mr. Robelen informed him "that if he want[ed] to pursue such an action . . . then he will have to file one." Then, according to plaintiff, he received a "letter from the Clerk of the Supreme Court [of Virginia] on August 9, 2006," bearing a different case number and dismissing his "Motion of his Writ of Mandamus."[4]

According to plaintiff, "Mrs. Linda Penn the Prosecuting Attorney for the Martinsville City Circuit Court [f]ailed to prove that [plaintiff] committed the cocaine sell [sic] on his [own]," she "[f]ailed to reduce [plaintiff's] charges from sell [sic] of cocaine to a comdation [sic] sell," and she

---

[4] A review of the exhibits submitted with plaintiff's complaint indicates that, on May 8, 2006, an order was entered in the Circuit Court for the City of Martinsville, bearing the case number of plaintiff's criminal case, stating that, "[u]pon consideration of the Petitioner's Motion for Writ of Coram Vobis and Affidavit In Forma Pauperis, the Court finds that the relief requested does not lie for claims of ineffective assistance of counsel." Therefore, Hairston's motion was denied and the matter was dismissed. On June 14, 2006, an order was entered in the Circuit Court for Martinsville City, which stated that, "[u]pon consideration of the Petitioner's Petition for Writ of Mandamus, the Court finds that the Petitioner has not stated facts upon which the writ of mandamus can be granted." Accordingly, Hairston's petition was denied and the matter was dismissed. On July 19, 2006, the Circuit Court for Martinsville City entered an order stating that, "[u]pon consideration of the petitioner's Answer on Writ of Mandamus, which the Court treats as a Petition for Writ of Mandamus, the Court finds that the petitioner has not stated facts upon which the writ of mandamus can be granted." Therefore, Hairston's petition was denied and the matter was dismissed. Plaintiff's copy of these orders, which were signed by a judge, were attested to as true copies by a deputy clerk of Ashby R. Pritchett, Clerk.

Hairston received a letter, dated July 11, 1006, from Douglas B. Robelen, Chief Deputy Clerk of the Supreme Court of Virginia. The letter stated, in part: "This will acknowledge receipt of your 'answer on writ of mandamus.' Although you indicate that you filed a mandamus in this Court on June 4, 2006, we have no record of such a petition being filed by you." On August 7, 2006, plaintiff received a letter from Mr. Robelen that stated, in part: "This will acknowledge receipt of your letter of August 1, 2006. As of the date of this letter, we still have not received a mandamus petition from you. If you want to pursue such an action in this Court, then you will have to file one."

On August 9, 2006, the Supreme Court of Virginia issued its dismissal "Upon a Petition for a Writ of Mandamus." The Supreme Court's dismissal identified plaintiff by his name and inmate number as the petitioner, against a record number (not plaintiff's criminal case number) and the respondent, Jeanie Nunn, Deputy Clerk of the Circuit Court of the City of Martinsville. The dismissal stated, in pertinent part: "Upon consideration of this case, the Court is of opinion that the writ of mandamus should not issue as prayed for. It is therefore ordered that the said petition be dismissed."

3

"[f]ailed to drop the indictment . . . that the Clerk of the Martinsville City Circuit Court had altered."

Plaintiff alleges that Mr. David Kons, his parole officer, "always pressed [him] to get a job," although he knew that plaintiff "could not read or fill out a[n] application for a job." According to plaintiff, this "put a lot of pressure on [him], and he did not know that he could sign up for disbility [sic] all these years from 1966 until now, because until now they have been holding that from him and his family." He states that Mrs. Helen F. Fahey, chair of the parole board, rejected him for parole even though they had a file that said that he has an "IQ of 64," that he "has a severe speech impediment" that makes communicating with him difficult, and that he is "disable[d] and mentally retarded." Plaintiff refers to an incident in 1987 when "Mr. Underwood the Warden at Camp 1 . . . had [plaintiff] working for some men that were doing pool work," stating that he had a heart attack, "so they granted [plaintiff] Parole from there." Finally, he alleges that an "Unknown Court reporter . . . failed to transcribe the Plaintiffs [sic] trial records . . . ."

In plaintiff's view, "[s]uch negliance [sic]" on the part of "all" defendants violated his Sixth Amendment rights, his right to appellate review of the convictions, and his Fourteenth Amendment rights. Violations of his Eighth Amendment rights occurred, according to plaintiff, "where the Attorney would not accepted [sic] the Plaintiff's phone call's [sic]." He seeks an award of money damages in the amount of "$45,5000.000 [sic]," but also requests that his attorney and the court reporter pay punitive damages of "2.5 Million."

## II.

A complaint may be dismissed under 28 U.S.C. § 1915A(b)(1) if it is clear from the petition that the plaintiff is not entitled to relief. To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege facts indicating that plaintiff has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under

4

color of state law. West v. Atkins, 487 U.S. 42 (1988). However, a § 1983 action is not the proper vehicle to challenge the fact or duration of confinement. Presier v. Rodriguez, 411 U.S. 475, 484 (1973) (holding that challenges to the validity of confinement or the particulars of its duration are properly raised in a habeas corpus action). "[A] state prisoner's § 1983 action is barred . . . *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-2 (2005) (finding that a claim challenging state procedures in denying parole *could* be brought under § 1983 because, if successful on his claims, the plaintiff would be entitled to a new parole hearing, at most). In this case, Hairston raises claims that contest the validity of the conviction that led to his present confinement in the Bland Correctional Center. Such a claim cannot be brought under § 1983 and, therefore, must be dismissed.[5]

### III.

Plaintiff's claim for damages also must be dismissed. Generally, under § 1983 a prisoner may be awarded a full range of compensatory and/or punitive damages. See, e.g., Smith v. Wade, 461 U.S. 30, 34-35 (1983) (awarding punitive damages); Jenkins v. Averett, 424 F.2d 1228, 1233 (4th Cir. 1970) (awarding damages for pain and suffering). However, to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a prisoner must prove that the conviction or sentence was: 1) reversed on direct appeal; 2) expunged by executive order; 3) declared invalid by a state tribunal authorized to make such a determination; or 4) called into question by a federal court's issuance of a § 2254 writ. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). If the prisoner cannot make this

---

[5] Hairston may still pursue a federal habeas petition under 28 U.S.C. § 2254 if he is unsuccessful in obtaining relief after first exhausting his habeas claims before the Supreme Court of Virginia. The time to file a state or federal habeas petition is limited by statute. See 28 U.S.C. § 2244(d); Virginia Code § 8.01-654(A)(2).

5

showing his claim is not cognizable. Id. Therefore, if judgment in favor of the plaintiff would "necessarily imply" the invalidity of plaintiff's conviction or sentence, the complaint must be dismissed. As Hairston has not established that his confinement has been declared invalid by a state tribunal, nor that a writ of habeas corpus has been issued, his claim for damages must be dismissed.

### IV.

For the stated reasons, Hairston's complaint must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). Plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this Memorandum Opinion and accompanying Order to the plaintiff and to counsel of record for the defendants, if known.

ENTER: This 29th day of September, 2006.

Senior United States District Judge